## David Heydt, Plff. in Err., *v.* Isaac Frey et al., Exrs.

In an action by executors on a note absolute on its face for the payment of money, by the defendant to the testatrix, parol evidence is inadmissible to show as a defense that the testatrix had given as an advancement to her daughter, defendant's wife, the sum named in the note on condition that the defendant would sign a note for the interest for life, that the note was in English and the defendant could not read it, and that both before and after the note was given the testatrix had declared that the transaction was an advancement.

(Argued February 29, 1888.   Decided April 2, 1888.)

January Term, 1888, No. 173, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and CLARK, JJ.   Error to the Common Pleas of Berks County to review a judgment on a verdict for the plaintiffs in an action of debt, May term, 1885, No. 46.   Affirmed.

This was an action of debt by Isaac Frey and Jeremiah Dierolf, executors of Sarah Boyer, deceased, on a sealed promissory note, dated April 1, 1880, signed by David Heydt.   The note was for $850, payable with interest to the order of Sarah Boyer, one year after date.   The case was first tried in October, 1886, and a verdict was rendered for the defendant.   The judgment was reversed by the supreme court.   See Frey v. Heydt, 116 Pa. 601, 11 Atl. 535.

On the second trial the plaintiffs offered in evidence the will of Sarah Boyer (admitted to probate in the register's office on the 26th of September, 1884; and on the same day letters testamentary granted to Isaac Frey and Jeremiah Dierolf, the persons therein appointed as the executors.)   The certificate of the register set forth that Sarah Boyer died August 26, 1884.

Plaintiffs also offered in evidence the note, which was as follows:

April 1, 1880.

One year after date I promise to pay or order of Sarah Boyer, widow, the sum of $850, with 5 per cent interest, without defalcation, for value received.

(Signed in German)                          David Heydt.   (Seal.)

Together with the following indorsements:

Paid the interest in full until the first day of April, 1881.
Paid the interest in full until the first day of April, 1882.

Plaintiffs rested.
The defendant made the following offer:
Defendant offers to prove, by the witness on the stand and others, that the note in suit was given by mistake and does not express the contract or understanding of the parties at the time the note was given; that the $850 mentioned in the note were given by the testatrix to the witness, who resided with her, with instructions that he should take it to the wife of the defendant, who was the daughter of the testatrix, and say to her that she should take it as an advancement, and that she should never repay the same, but that the defendant, her husband, should give a note to pay the interest so long as she lived, provided she would need it, and would ask for it; that in pursuance of said instructions, the witness took the money to the defendant's house and there met him and his wife, who refused to receive the money in that way; that the witness then took the money home again to the testatrix, and informed her that the defendant's wife refused to receive it; that she thereupon directed him to prepare a note to be signed by a neighbor, to whom she declared she would loan the money and take the note from him; that witness then prepared the note in suit, and placed it with the money; that it remained there for some time, and the neighbor to whom she wished to loan the money not having come for it she again gave the money to the witness, and instructed him to take it to her daughter, the wife of the defendant, and ask her to take it as an advancement, and that if she would not take it she would never get a cent from her, and that the principal sum should never be paid, but that the defendant should give a note to secure the interest, in case she should need it and would call for it; that the defendant and his wife at first strenuously objected to receiving the money at all, but upon being urged by the witness on behalf of the testatrix to accept it, finally did accept it, with the express agreement that it was an advancement, and that the principal should never be returned, and that the defendant should subsequently sign a note to pay the interest in case she would need and call for it; that witness then left the

money with defendant's wife, and returned to the testatrix and told her what he had said and done, who then said to him that she was glad they had taken it.   Several weeks after that the testatrix informed the witness that now, that day, his father (the defendant) had signed a note for it; witness replied there was none prepared for him; that testatrix then showed witness the note in suit, who said to her, "This is wrong, I will go down immediately and tell him that this is wrong;" that thereupon testatrix said he should not go, that both parties knew that the understanding was that the money was given as an advancement; the witness then replied, "This will make trouble;" and testatrix said he should stay here, if he went down and told them, that defendant would bring the money back; that the note in suit is the same which was prepared by the witness for another party; that it is written in English, and that neither the testatrix nor the defendant could read English writing; that the payments of interest indorsed on the note were made in pursuance of the understanding and agreement between the witness and the defendant at the time the money was received.

The defendant offers to prove further, by this and a number of other witnesses, that the testatrix subsequently said in the presence of the defendant, that the money was given by her to her daughter, defendant's wife, as an advancement, and that the principal should never be returned, but only the interest in case she would need it.

It is further proposed to show that the testatrix stated, prior to the time the money was delivered, to one of the plaintiffs, that she had never given anything to "Betsy," defendant's wife, and that she intended to give her something, too, as she had given to her other children.

This evidence is offered for the purpose of showing that the note in suit was given by mistake, and does not contain the contract of the parties, and to show that the $850 mentioned in the note in suit is the same money which the plaintiffs' testatrix gave to the defendant's wife as an advancement.

By plaintiffs' counsel: Objected to, by the plaintiffs: First, because an instrument in writing and under seal cannot be varied and annulled by parol testimony, such as that embraced in and contemplated by the offer; second, because the testimony offered does not constitute a good defense to the plaintiffs' action;

and third, it is generally irrelevant, incompetent, and inadmissible.

By the Court: Is it proposed by the defendant that the testimony offered shall be different from that which occurred on the former trial, as contained in the case between the same parties, reported in 116 Pa. 601, 11 Atl. 535? Or is there any addition to their former testimony by this witness?

By defendant's counsel: We reply that we propose to show what we say in the offer. We admit that, in our judgment, it will not be anything new nor essentially different from what is in the evidence that was in the case before; there may be one or two points wherein it will differ slightly, but not substantially.

By the Court: Unless the plaintiffs desire this evidence to go in, with the explanation made by defendant to the question of the court, the objection is sustained. Exception for defendant. (Assignment of error.)

The court below directed a verdict for the plaintiff for $1,090.83.

*Jeff. Snyder, Geo. F. Baer,* and *Ermentrout & Ruhl,* for plaintiff in error.—This evidence, if believed by the jury, would clearly show that the note was signed, subject to the agreement that Mr. Heydt was only to pay interest whenever Mrs. Boyer wanted it during her lifetime, and the principal never. And this brings the case fully within Lyon v. Huntingdon Bank, 14 Serg. & R. 283.

Advancement is a question of intent. That intent must be proven to have existed at the time of the transaction, and by the contemporary acts and declarations of the parties. Merkel's Appeal, 89 Pa. 343.

When once the money has been handed over and the gift made, "the legal inference" cannot be that the purpose was changed; but we have, besides, the evidence that it was not changed.

There is a class of cases in which this court has always admitted parol evidence of what transpired before the execution of a writing to be given to contradict or vary the terms of the writing. Stubbs v. King, 14 Serg. & R. 206, and Frederick v. Campbell, 14 Serg. & R. 293; Bowman v. Bittenbender, 4 Watts, 290; Flagler v. Pleiss, 3 Rawle, 345.

*Henry C. G. Reber* and *Cyrus G. Derr,* for defendants in error, relied on Frey v. Heydt, 116 Pa. 601, 11 Atl. 535.

OPINION BY MR. JUSTICE GREEN:

After a patient examination of the extended offer of proof rejected by the learned court below, we are unable to discover any material difference in it from the testimony given on the former trial. The note in suit was an absolute obligation for the payment of $850 one year after date with interest at 5 per cent. It is impossible that this note can be treated as in any manner a contract to pay interest only to the payee Sarah Boyer, and the principal sum either not at all or to Mrs. Heydt, upon the footing that it was her money, received from her mother, Mrs. Boyer, as an advancement. Such a theory is absolutely at war with any conceivable reading of the instrument, and hence the parol proof offered was a simple destruction of the written contract.

In this respect the case differs radically from Lyon v. Huntingdon Bank, 14 Serg. & R. 283. There the written and verbal agreements could stand together. The former was subject to the latter, and the attempted use of the former, in violation of the latter, was held a fraud against which a chancellor would relieve. It was very true that the verbal agreement in that case was made several years before the instrument in suit was given; but the instrument in suit was merely the last of a series of renewals of the original note, at the making of which the verbal agreement was made, respecting the collaterals which were to be looked to alone as the source of payment. The contract itself was not changed by the verbal proof, but only the use to be made of it, and so we said in both Rearich v. Swinehart, 11 Pa. 239, 51 Am. Dec. 540, and Rearick v. Rearick, 15 Pa. 66.

In the latter case, however, when it came back after a second trial and an abortive attempt to prove what was, upon the first trial, a very liberal offer of testimony, rejected by the court below, some very salutary remarks were made by the judge delivering the opinion, which are quite apposite to the contentions of the plaintiff in error in the present case. Thus, on p. 72, BELL, J., said: "Now in the somewhat unsteady course of decision upon this vexed point of evidence, if any principle has been adhered to with tenacity, it is that oral proof to vary or affect a written instrument must be confined to what occurred at the

execution of it. . . . Even thus restricted it is acknowledged to be full of danger. Were the door opened still wider for the admission of all the loose *dicta* of the parties, running, it might be, as in this instance, through a long course of years, the flood of evil would become so great as to sweep before it every barrier of confidence and safety which human forethought, springing from experience, is so sedulous to raise against the treachery of memory and the falsehood of men. To avoid, therefore, what would really be a social calamity, it is recognized as a settled maxim that oral evidence of an agreement or understanding between parties to a deed or other written instrument entertained before its execution shall not be heard to vary or materially affect it. . . . Accordingly, the settled rule is that when a contract has been reduced to writing, it is understood as expressing the final conclusions of the contracting parties, and fully accepted as merging all prior negotiations and understandings, whether agreeing or consistent with it."

As we stated in our former opinion in this case, there was no proof of contemporary acts or declarations. No one was present, or has testified as to what took place, when the note in suit was executed. We, therefore, cannot know what then transpired, or that anything transpired, except the mere signing of the note. This being so, there was no foundation upon which the offer of proof of the subsequent declarations could stand. This also was met in the former opinion by another citation from Rearick v. Rearick, 15 Pa. 66, so entirely appropriate that it will bear repetition:

"As to the subsequent declarations of the testator, it has been already intimated, their competency is altogether dependent on the efficacy of the first conversations, as instruments of proof. The former are receivable only as corroborative of the latter, and these being excluded, there remains nothing upon which those can be supported."

The present offer does not change the former situation in this respect.

It only remains to say that the "transaction" involved in the present controversy is the note in suit, and any verbal agreement or declarations which are to affect that instrument must be contemporaneous with it. Whether Mrs. Boyer at some time anterior to this made an advancement to her daughter, Mrs. Heydt,

of a sum of money, is another and a different question, the determination of which must not be confused with that of the note in suit. If the money belongs to Mrs. Heydt because it was advanced to her, she can doubtless assert her claim to it in some appropriate form and proceeding, but the consideration of that question is quite aside from the present contention. We are of opinion that the offer of testimony on the part of the defendant was properly rejected, and therefore—

The judgment is affirmed.